IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANDY W. JONES                    :
                                  :
V.                                :    Civil No. WMN-05-2357
                                  :
TARGET CORPORATION                :

## MEMORANDUM

Before the Court is a Motion for Summary Judgment filed by Defendant Target Corporation (Target).  Paper No. 23.  The motion is fully briefed.  Upon review of the motion and the applicable case law, the Court determines that no hearing is necessary and that the motion should be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a "slip and almost-fall" that occurred at a Target store in Frederick, Maryland on March 20, 2003.  The relevant facts are largely uncontested, and are as follows.

Plaintiff Randy Jones and a friend, Bobbi Kiser, went to the Target store to purchase a blender.  Jones and Kiser entered the store and turned right, down the main aisle, and past a display of Easter merchandise.  Both Jones and Kiser testified that there was a wooden pallet in the vicinity of the Easter display.  Jones and Kiser proceeded to the housewares section, where they remained for approximately fifteen (15) to twenty (20) minutes. After selecting a blender to purchase, Jones and Kiser went back to the Easter merchandise display via the main aisle.  They have testified that on neither of the first two occasions that they crossed the main aisle area did they notice any debris on the

floor.

After perusing the Easter merchandise display for five (5) or ten (10) minutes, Jones and Kiser proceeded down the main aisle toward the cash registers.  Jones testified that his attention was focused on the end cap displays and product advertisements and he was not looking at the floor.  While looking at the end cap displays, Jones slipped on something under his left foot as he pushed off with it, causing a twisting in his left knee as it buckled.  He testified that he did not fall to the floor.

Jones then walked across the main aisle to a customer service stand.  Kiser looked back to the area where Jones had slipped and noticed a man kicking a small piece of wood out of the aisle.  Kiser retrieved the piece of wood and showed it to Jones, who later described the piece of wood as unstained, unfinished, and about the size of a quarter.  Jones then reported the incident to a Target employee, who notified Target manager Cathy Hood.  Jones then reported the incident to Hood.  After Kiser gave Hood the chip of wood, Jones and Kiser purchased the blender and left the store.  Hood conducted an investigation into the incident and prepared a Guest Incident Information Report that included her own witness statement, as well as a statement from Target team leader Brian O'Neill.  The piece of wood was discarded.

Jones filed suit against Target on August 26, 2005, in the Circuit Court for Frederick County, alleging that Target breached

its duty to exercise reasonable care and was negligent in failing to keep a heavily trafficked area of its floors free from debris and other materials and to protect him from unreasonable risks which he could not discover through the exercise of ordinary care.  Compl. ¶ 8.  Target removed the action to this Court. Discovery has been completed and Target now moves for summary judgment on Jones' claim.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to summary judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For purposes of summary judgment, a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if, when applied to the substantive law, it affects the outcome of litigation.  Anderson, 477 U.S. at 248.

A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When considering the motion, the court assumes that all of the non-moving party's evidence is worthy of belief and justifiable inferences are drawn in favor of the non-moving party.  Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475

3

U.S. 574, 587 (1986).  If the party seeking summary judgment demonstrates that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence in the form of depositions, affidavits or other documentation which demonstrates that a triable issue of fact exists for trial.  <u>Celotex</u>, 477 U.S. at 324.  The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment.  Instead, the evidentiary materials must show facts from which the finder of fact could reasonably find for the non-moving party.  <u>Anderson</u>, 477 U.S. at 252.

## III. DISCUSSION

A landowner owes the highest duty of care to business invitees, defined as those "invited or permitted to enter another's property for purposes related to the landowner's business."  <u>Tennant v. Shoppers Food Warehouse</u>, 693 A.2d 370, 374 (Md. App. 1997).  Target owes a duty to its customers, as business invitees, "to exercise ordinary care to keep the premises in a reasonably safe condition, and will be liable for injuries sustained in consequence of a failure to do so."  <u>Rawls v. Hochschild, Kohn & Co., Inc.</u>, 113 A.2d 405, 407 (Md. 1955).  A proprietor, however, is not an insurer of an invitee's safety while on the premises and the duty to exercise ordinary care does not entail a duty to conduct continuous inspections.  <u>Moulden v. Greenbelt Consumer Servs., Inc.</u>, 210 A.2d 724, 725-26 (Md. 1965).

4

To recover in an action for negligence, Jones must show that Target either created a dangerous condition or had actual or constructive knowledge of its existence.  Rawls, 113 A.2d 405; Tennant, 693 A.2d 370; Lexington Mkt. Auth. v. Zappala, 197 A.2d 147 (Md. 1964).

## A. Creation of a Dangerous Condition

Jones postulates that the wooden chip that caused him to slip originated from the pallet that he and Kiser observed near the Easter display and, that Target was on notice of the potential danger of chips coming off of pallets and should have prevented such harm from occurring.  The facts relied upon by Jones, however, do not provide a rational basis for a jury to conclude that Target was negligent in creating a dangerous condition.

There is some evidence that the chip may have originated from the pallet.  O'Neill, a Target employee, testified that, while he could not remember ever seeing it happen at the Frederick store, he was aware that pieces of wood could chip off of pallets.  O'Neill Dep. at 52.  Kiser testified that based upon her observation of the chip and her experience "in retail . . . work[ing] with pallets everyday," she would say that the chip "definitely [] came from a pallet."  Kiser Dep. at 11.[1]

---

[1] Kiser's testimony concerning the source of the chip would probably fall within the scope of hybrid fact/expert testimony and determining whether she is qualified to give such testimony might require additional foundation.  As the Court will assume the chip came from the pallet in question, however, that issue can remain unresolved.

Construing the evidence in the light most favorable to the
nonmoving party, the Court will assume that the chip originated
from the pallet.[2]

The fact that the chip may have come from the pallet is
insufficient, in and of itself, however, to establish liability
on the part of Target.  Plaintiff must still show some conduct
that was negligent.  Moulden, 210 A.2d at 725 ("the plaintiff
must show that the defendant was guilty of negligence which
produced the particular injury alleged.")  No presumption of
Target's negligence arises merely from a showing that Jones was
injured in the store.  Id.

Here, there is no evidence to suggest that Target's use of
the pallet was inherently dangerous.  Kiser's own testimony is
that pallets are used routinely in retail establishments.
Furthermore, there is no evidence that the pallet was in a state
of disrepair such that Target should have reasonably anticipated
that a piece of wood might chip off, or that any Target employee
handled the pallet in such a way as to increase the likelihood of

---

[2] Without using the term, Jones appears to be arguing that
Target spoliated evidence when it failed to preserve the wood
chip, thus making it virtually impossible to determine whether
the debris originated from the pallet.  Opp'n 11.  On that basis,
Jones contends that Target should not be permitted to argue that
there is no evidence from which a trier could ascertain the
chip's origin.  The party seeking to establish some fact under
the doctrine of spoliation must typically show that the opposing
party engaged in some "fraudulent conduct aimed at suppressing or
spoliating evidence."  See Goin v. Shoppers Food Warehouse Corp.,
890 A.2d 894 (Md. 2006).  Plaintiff has made no such showing.
Regardless, as the Court assumes for the purposes of this motion
that the chip originated from the pallet, this issue also need
not be resolved.

chipping.  It is as likely that another customer may have kicked the pallet, dislodging the chip.  Under the record presented here, it would be "purely a matter of speculation" that the chip resulted from some action of a Target employee.  See Rawls, 113 A.2d at 410.

## B. Constructive Notice of Dangerous Condition

Even where there is no evidence that an unsafe condition was created by a proprietor's negligent act or omission, the proprietor can be held liable for injuries sustained by an invitee on the premises if it knew about, or could reasonably discover, that dangerous condition and failed to take corrective action.  See id. at 409.  For a customer to recover for injuries sustained in a store, a showing need not be made that the proprietor had actual knowledge of the dangerous condition involved.  Id.  If it can be shown that a dangerous condition existed for a sufficient length of time to permit a proprietor to discover it through the exercise of reasonable care, the failure to discover the dangerous condition may in itself be evidence of negligence sufficient to charge the proprietor with knowledge of the condition.  Id.

In the instant case, there is no allegation of actual notice.  Instead, Jones argues that Target had a "sufficient time frame in which to have discovered the wooden piece of pallet." Opp'n 11.  What will amount to sufficient time for constructive notice depends upon the circumstances of the particular case. Moore v. Am. Stores Co., 182 A. 436, 440 (Md. 1936).  Here,

however, Jones presents no evidence as to how long the chip might have been on the floor.  In fact, the only evidence in the record points away from any conclusion that the chip remained on the floor for any appreciable length of time.  O'Neill stated that he had inspected the area five or ten minutes prior to the incident and did not see anything on the floor.  O'Neill Witness Statement,  Def.'s Ex. D.  Jones and Kiser had been through the area twice in the ten to twenty minute period prior to the incident and they did not see anything on the floor.

In <u>Orum v. Safeway Stores, Inc.</u>, a slip and fall decision from the District of Columbia Court of Appeals which has been cited frequently by Maryland Courts,[3] the plaintiff slipped on a string bean but, like Jones, could produce no evidence as to how long the object had been on the floor prior to the slip.  The court held:

> There being no evidence as to how long
> the bean had been on the floor, and it
> being possible that another customer may
> have dropped it just before appellant
> stepped on it, any finding by a jury
> that the employees of the store saw the
> bean or should have seen it in time to
> remove it or warn appellant, would rest
> on pure conjecture and not on reasonable
> inference.

138 A.2d 665, 666 (D.C. App. 1958).  Just as it would be impermissible to allow a jury to speculate that some act of negligence on the part

---

[3] <u>See</u>, <u>e.g.</u>, <u>Moulden v. Greenbelt Consumer Services, Inc.</u>, 210 A.2d 724 (Md. 1965); <u>Tennant v. Shoppers Food Warehouse Md. Corp.</u>, 693 A.2d 370 (Md. App. 1997).

of a Target employee created the hazard, the Court could not allow a jury to speculate that the chip was on the floor long enough that a Target employee should have seen it and removed it.

## IV. CONCLUSION

For these reasons, Target's motion will be granted.  A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: August 1, 2006

9